Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
RAMON EMILIO LANTIGUA RODRIGUEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

GOLF GEAR, LTD., STEPHEN TYRER and MANUEL REINALDO GUALPA PACHECO, as individuals,

Defendants.
---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **RAMON EMILIO LANTIGUA RODRIGUEZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **GOLF GEAR, LTD., STEPHEN TYRER and MANUEL REINALDO GUALPA PACHECO, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **GOLF GEAR, LTD.**, located at 10 Lucon Dr., Deer Park, NY 11719.
2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff RAMON EMILIO LANTIGUA RODRIGUEZ residing in Bronx, New York was employed by Defendants from in or around July 2015 until in or around September 2026.

### *The Corporate Defendants*

### GOLF GEAR, LTD.

8. Defendant, GOLF GEAR, LTD. is a New York corporation organized under the laws of New York with a principal executive office and service of process address located at 10 Lucon Dr, Deer Park, NY 11729.

9. Defendant, GOLF GEAR, LTD. owned, operated, and/or conducted business at 10 Lucon Dr, Deer Park, NY 11729.

10. At all relevant times hereto, Defendant GOLF GEAR, LTD., through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

11. Accordingly, at all relevant times hereto, Defendant GOLF GEAR, LTD. was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

12. At all times relevant to the allegations contained in the complaint, Corporate Defendants was and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that GOLF GEAR, LTD. (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.00.

***Individual Defendants***

**STEPHEN TYRER**

13. At all relevant times hereto, Defendant STEPHEN TYRER owns, operates and/or controls GOLF GEAR, LTD.

14. At all relevant times hereto, Defendant STEPHEN TRYRER is an agent of GOLF GEAR, LTD.

15. At all relevant times hereto, Defendant STEPHEN TYRER is responsible for overseeing the daily operations of GOLF GEAR, LTD.

16. At all relevant times hereto, Defendant STEPHEN TYRER has power and authority over all the final personnel decisions at GOLF GEAR, LTD.

17. At all relevant times hereto, Defendant STEPHEN TYRER has power and authority over all final payroll decisions of GOLF GEAR, LTD., including the Plaintiff.

18. At all relevant times hereto, Defendant STEPHEN TYRER has the exclusive final power to hire the employees of GOLF GEAR, LTD., including the Plaintiff.

19. At all relevant times hereto, Defendant STEPHEN TYRER has exclusive final power over the firing and terminating of the employees of GOLF GEAR, LTD., including Plaintiff.

20. At all relevant times hereto, Defendant STEPHEN TYRER is responsible for determining, establishing, and paying the wages of all employees of GOLF GEAR, LTD., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

21. Accordingly, at all relevant times hereto, Defendant STEPHEN TYRER was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

**MANUEL REINALDO GUALPA PACHECO**

22. At all relevant times hereto, Defendant MANUEL REINALDO GUALPA PACHECO is a manager, supervisor and agent at GOLF GEAR, LTD.

23. At all relevant times hereto, Defendant MANUEL REINALDO GUALPA PACHECO was Plaintiff's supervisor and had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment.

24. At all relevant times hereto, Defendant MANUEL REINALDO GUALPA PACHECO is responsible for overseeing the daily operations of GOLF GEAR, LTD.

25. At all relevant times hereto, Defendant MANUEL REINALDO GUALPA PACHECO has power and authority over all the final personnel decisions at GOLF GEAR, LTD.

26. At all relevant times hereto, Defendant MANUEL REINALDO GUALPA PACHECO had power and authority over all final payroll decisions of GOLF GEAR, LTD., including the Plaintiff.

27. At all relevant times hereto, Defendant MANUEL REINALDO GUALPA PACHECO has the exclusive final power to hire the employees of GOLF GEAR, LTD., including the Plaintiff.

28. At all relevant times hereto, Defendant MANUEL REINALDO GUALPA PACHECO had exclusive final power over the firing and terminating of the employees of GOLF GEAR, LTD., including Plaintiff.

29. At all relevant times hereto, Defendant MANUEL REINALDO GUALPA PACHECO was responsible for determining, establishing, and paying the wages of all employees of GOLF GEAR, LTD., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

30. Accordingly, at all relevant times hereto, Defendant MANUEL REINALDO GUALPA PACHECO was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

## RELEVANT STATUTORY PERIOD

31. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of three (3) and six (6) years from the date of filing of the Complaint, respectively. As this Complaint is filed in November 2026, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning November 2020 through the present ("relevant statutory period").

## FACTUAL ALLEGATIONS

32. Plaintiff RAMON EMILIO LANTIGUA RODRIGUEZ was employed by Defendants as an industrial textile worker, machinist, and equipment maintenance worker and cleaner while performing related miscellaneous duties for the Defendants from in or around July 2015 until in or around September 2026.

33. During the relevant statutory period, Plaintiff RAMON EMILIO LANTIGUA RODRIGUEZ regularly worked approximately six (6) days per week.

34. During the relevant statutory period, Plaintiff RAMON EMILIO LANTIGUA RODRIGUEZ regularly worked approximately ten (10) hours per day for five (5) days per week and approximately seven (7) hours per day for one (1) day per week.

35. Thus, during the relevant statutory period, RAMON EMILIO LANTIGUA RODRIGUEZ worked a regular schedule of approximately fifty-seven (57) hours per week.

36. During the relevant statutory period, Plaintiff RAMON EMILIO LANTIGUA RODRIGUEZ was paid by Defendants a flat hourly rate of approximately $20.00 per hour for all hours worked.

37. Defendants paid Plaintiff primarily in cash.

38. Although Plaintiff RAMON EMILIO LANTIGUA RODRIGUEZ worked approximately fifty-seven (57) hours per week during the relevant statutory period, Defendants did not pay Plaintiff time-and-a-half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

39. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

40. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

41. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

42. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

43. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

44. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

46. Collective Class: All persons who are or have been employed by the Defendants as industrial textile workers, machinist, equipment maintenance workers and cleaners or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including

willfully failing and refusing to pay required minimum and overtime wage compensation.

47. Upon information and belief, Defendants employed approximately 30 or more employees within the relevant time period who were subjected to similar payment structures.

48. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

49. Defendants' unlawful conduct has been widespread, repeated, and consistent.

50. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

51. Defendants' conduct as set forth in this Complaint was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

52. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

53. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

54. The claims of Plaintiff are typical of the claims of the putative class.

55. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

56. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## <u>FIRST CAUSE OF ACTION</u>

### Overtime Wages Under The Fair Labor Standards Act

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

59. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

60. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

61. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

62. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

63. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## <u>SECOND CAUSE OF ACTION</u>

**Overtime Wages Under New York Labor Law**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

66. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

67. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**THIRD CAUSE OF ACTION**
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

70. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**

**Violation of the Wage Statement Requirements of the New York Labor Law**

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

73. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff unpaid overtime wages;
c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiff prejudgment and post-judgment interest;
e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 17, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAMON EMILIO LANTIGUA RODRIGUEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

GOLF GEAR, LTD., STEPHEN TYRER and MANUAL REINALDO GUALPA PACHECO, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Via Secretary of State:*
**GOLF GEAR, LTD. (DOS ID 1345297)**
10 Lucon Dr, Deer Park, NY 11729

*Via Personal Service:*
**GOLF GEAR, LTD.**
10 Lucon Dr, Deer Park, NY 11729

**STEPHEN TYRER**
10 Lucon Dr, Deer Park, NY 11729
151 Old Winkle Point Rd, Northport, NY 11768

**MANUEL REINALDO GUALPA PACHECO**
10 Lucon Dr, Deer Park, NY 11729
104 W 15th St W, Deer Park, NY 11729